UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                **ORDER**

       - against -                   10-CR-1023-ENV

ALONZO VERNON

             Defendant.
-----------------------------------------------------------------X

**VITALIANO, D.J.**

The government seeks to admit prior deposition testimony of the defendant under Fed. R. Evid. 404(b) to show intent. The motion is granted in part and denied in part.

Fed. R. Evid. 404 provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence of a defendant's prior bad acts is generally admissible if offered for "any purpose other than to show a defendant's criminal propensity." United States v. Rouhani, 47 F.3d 539, 544 (2d Cir. 1995). The government relies on United States v. Danzy, 594 F.2d 905 (2d Cir. 1979), which cites with approval Wigmore's instruction that "similar acts are admitted to prove [i]ntent on the basis that from the point of view of the doctrine of chances, the element of innocence is eliminated by multiplying instances of the same result. That is to say, 'similar results do not usually occur through abnormal causes'; and the recurrence of a similar result in the form of an unlawful act tends to negative accident, inadvertence, duress, good faith, *self-defense*, or other innocent mental state and tends to establish to at least some extent the presence of criminal intent." Id. at 912 (emphasis added). Danzy thus supports the proposition that "self-defense" is indeed a state of mind. The conclusion that a claim of self-defense is a claim of the absence of the element of "intent" is buttressed by the recommended jury instruction that where the

defendant contends that he acted in self-defense in assaulting his victim, the burden of proof is on the government to prove beyond a reasonable doubt that the defendant did not act in self-defense. Leonard B. Sand, et al., Modern Federal Jury Instructions. In other words, in analyzing "intent," the claim of self-defense is within the category of "other innocent reason." See id. ("An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason."). Here, evidence that Vernon previously threatened various correction officers while incarcerated is certainly probative of "intent," that is, whether or not he was acting in self-defense. Similarly, evidence that Vernon has been involved in four fights while incarcerated, and in all four instances he claimed to have acted in self-defense, is also probative of intent—the presence or absence of the right to act in self-defense—under Rule 404(b).

The inquiry, of course, does not end there. Under Rule 403, while the evidence may be relevant under Rule 401 and admissible under Rule 404(b), it should nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Any prejudice inherent in the deposition testimony about Vernon's prior claims of self-defense is minimized because the evidence the government seeks to admit does not include the inflammatory details about the underlying fights, which are otherwise irrelevant and show an aggressive character with a propensity for violence. However, the testimony about threats made to correction officers is another story. They are inflammatory and highly prejudicial; they invite the jury to draw the inference that because Vernon threatened correction officers in the past, he committed the assault charged. The Court finds that the probative value of this testimony as it bears on "self-defense," that is, the element of intent, is substantially outweighed by the danger of unfair prejudice. Therefore, the deposition testimony on page 84 is admissible if self-defense is raised by Vernon,

but the testimony on pages 39, 81, 82, and 89 is not.

**SO ORDERED.**

Dated: Brooklyn, New York
July 29, 2011

/s/ ENV
_____
ERIC N. VITALIANO
United States District Judge